Charles TRAWICK, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 711,2002.

Supreme Court of Delaware.

Submitted: March 9, 2004.

Decided: April 7, 2004.

J. Brendan O'Neill, Office of the Public Defender, Wilmington, DE, for appellant.

Kim Ayvazian, Department of Justice, Georgetown, DE, for appellee.

Before VEASEY, Chief Justice, HOLLAND, BERGER, STEELE and JACOBS, Justices, constituting the Court en Banc.

HOLLAND, J.:

The defendant-appellant, Charles Trawick, was convicted of single counts of Robbery in the First Degree and Aggravated

Menacing, two counts of Possession of a Firearm During the Commission of a Felony, two counts of Conspiracy in the Second Degree, and other less serious offenses. Following the entry of the guilty verdicts, the State filed a motion seeking to declare Trawick an habitual offender.[1] A sentencing hearing was scheduled for November 15, 2002.

The November 15, 2002 hearing was continued at the State's request and over the defendant's objection. Based on the evidence presented at the subsequent December 6, 2002 hearing, the Superior Court judge concluded that Trawick's 1987 Maryland conviction was for Possession with Intent to Distribute Heroin, a felony. Accordingly, Trawick received a mandatory life sentence as an habitual offender, pursuant to Del.Code Ann. tit. 11, § 4214(b).

Trawick has raised three issues on appeal. First, Trawick argues that the Superior Court abused its discretion by continuing the sentencing hearing on November 15, 2002. Second, Trawick argues that the Superior Court judge erroneously admitted the Maryland court records into evidence. Third, Trawick argues that the Superior Court lacked substantial evidence to conclude that he had been convicted of a prior felony in Maryland. We have determined that the judgment of the Superior Court must be affirmed.

## Continuance Properly Granted

■ Trawick's first argument on appeal is that the Superior Court abused its discretion by continuing the sentencing hearing, over the objection of Trawick's defense counsel, from November 15, 2002 to December 6, 2002. The grant or denial of

1. Prior to trial, the State had announced its intention to have Trawick declared an habitual offender if he were convicted of Robbery in the First Degree.

a motion for a continuance is reviewed on appeal for abuse of discretion.[2] Accordingly, this Court will only reverse a trial judge's decision to grant a continuance if the ruling is based on clearly unreasonable or capricious grounds.[3]

The record reflects that at the November 15 hearing, the State sought to introduce documentary evidence that Trawick had been convicted in Maryland of Possession with Intent to Distribute Heroin in 1987, a felony. The defense challenged the sufficiency of the State's evidence that the 1987 conviction was a felony. Specifically, Trawick's defense counsel argued that the State had produced two conflicting documents to support its position that Trawick had been convicted of a felony. The first document was a Criminal Information from Maryland indicating that Trawick had been charged with Possession with Intent to Distribute, a felony. The second document, a microfilmed docket, suggested that Trawick may have entered a guilty plea to possession of heroin, a misdemeanor. In addition to these two documents, the State represented to the Superior Court that the Office of the State's Attorney for Baltimore City had confirmed that Trawick's conviction in Maryland was for Possession with Intent to Distribute, a felony.

After both sides had presented their evidence and arguments, the Superior Court stated:

> Well, at the end of the day what the Court's interest is in applying any statute, including the habitual offender statute is to get to the truth, not to play evidentiary games, not to decide the matter on less than a complete record, and I'm not going to do that here. The *Saunders* case suggests that when a motion is filed it is proper for the Court to receive evidence to resolve the issue. What I have here is at best, I don't want to say conflicting evidence but not complete evidence. I have information that clearly charges Mr. Trawick with an eligible felony, and I'm satisfied from having reviewed the statute that he was charged under in Maryland that it comports with our Delaware possession with intent to deliver statute such that that requirement would be met by the State if, in fact, there was a finding of guilt as to that charge. Where I have concerns is that I have been supplied with documents from the State that suggest that the charge is possession of heroin. I have a presentence investigator with whom I have been unable to speak, I have tried to reach, but who upon investigation concluded that the charge was possession of heroin, and then I have an e-mail which I received today which I think all counsel would agree at the end of the day is not the sort of evidence that I should be relying upon to make a decision of the gravity that this decision implicates.
>
> So I guess what I'm inclined to do at this point is to take the motion under advisement, allow the State to present further evidence and, if that be by way of a hearing, to schedule that hearing to allow the Court to determine whether or not Mr. Trawick, in fact, is eligible for habitual offender status. As I read the statute, it's a mandatory situation if the State moves under this provision and it has the evidence to establish eligibility that the Court is obliged to grant the motion and to sentence according to the statute.

---

**2.** *Secrest v. State,* 679 A.2d 58, 64 (Del.1996).

**3.** *Weston v. State,* 832 A.2d 742, 744–45 (Del. 2003); *Zimmerman v. State,* 628 A.2d 62, 65 (Del.1993).

The Superior Court then continued the hearing until December 6, 2002.

The hearing that is at issue in this appeal was to determine whether Trawick was an habitual offender.[4] Trawick's sentence under Delaware's habitual offender statute was mandatory.[5] The hearing to determine whether Trawick qualified for habitual offender status under the statute was an integral part of the sentencing process.

■ It is well settled that the Superior Court has the authority to correct an error in sentencing.[6] The State requested, and the Superior Court granted, the continuance for the purpose of clarifying an ambiguous record. In Trawick's case, rather than risk an error in sentencing, the trial judge continued the matter in order to ensure the correct result. The record reflects that the Superior Court's decision to continue Trawick's sentencing hearing was a reasonable and proper exercise of discretion.

### Public Records Hearsay Exception

■ Trawick's second claim of error is that the Superior Court erroneously admitted the Maryland commitment documents into evidence, pursuant to the business record exception to the hearsay rule, D.R.E. 803(6), by allowing the testimony of an Assistant State's Attorney from Maryland, who was with the Office of the State's Attorney for Baltimore City. The Assistant State's Attorney from Maryland, Salvatore Fili, testified on behalf of the State at the December 6, 2002 sentencing hearing. Mr. Fili was chief of the felony narcotics division in Baltimore City. Mr. Fili's testimony was offered by the State to provide the foundation for the admission of a Maryland Circuit Court commitment order dated March 10, 1987, under the business records hearsay exception set forth in Delaware Rule of Evidence 803(6).

The business records exception to the hearsay rule provides for the admission of:

a memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, . . . , unless the source of the information or the method or circumstances of preparation indicate lack of trustworthiness.[7]

Pursuant to this rule, the State was required to provide a proper foundation for the Maryland Circuit Court commitment order through the testimony of "the custodian or other qualified witness."

The Superior Court ruled that Fili was not a custodian of the Maryland Circuit Court documents. The issue at the sentencing hearing became whether Fili was an "other qualified witness." A qualified witness "need not be an employee of the [record-keeping] entity so long as he understands the system."[8] A qualified witness, in addition to his or her familiarity with the record-keeping system, must at-

---

4. Del.Code Ann. tit. 11, § 4214(b) (2001).

5. *Id.*

6. *Urquhart v. State*, 1991 WL 112877, *1 (Del. May, 8 1991) (ORDER) (citing *Whalen v. State*, 492 A.2d 552, 559 (Del.1985)).

7. D.R.E. 803(6).

8. *United States v. Console*, 13 F.3d 641, 657 (3d Cir.1993) (quoting *United States v. Pelullo*, 964 F.2d 193, 203 (3d Cir.1992)). *See Bruce v. State*, 781 A.2d 544, 553–54 (Del.2001).

test to the following foundational requirements of Rule 803(6):

> (1) [that] the declarant in the records had knowledge to make accurate statements; (2) that the declarant recorded statements contemporaneously with the actions which were the subject of the reports; (3) that the declarant made the record in the regular course of business activity; and (4) that such records were regularly kept by the business.[9]

The Superior Court ruled that Mr. Fili had demonstrated "an adequate familiarity with the records and record-keeping process such that he would be a person qualified to authenticate these records for the purposes of the business records exception."

We need not decide the issue concerning the admissibility of the Maryland prosecutor's testimony in support of admitting the Maryland Circuit Court commitment records pursuant to the business record exception.[10] Mr. Fili testified as follows:

> Q. I'm now handing you what's been identified as State Exhibit A for identification. Would you take a look at that and please tell the Court what that is.
> A. This is a true test copy of the commitment order in the case of Charles Trawick, 287051, 28705102, and 28705103, which was prepared at my request by the clerk of the circuit court for Baltimore City, where the convictions were entered. And it has been certified by the clerk of the court, Mr. Frank M. Conaway, as a true copy from the record in the court.
> Q. Bringing your attention to Count II of that record, what offense does that show?

> A. Count II shows possession with the intent to distribute heroin under Maryland Annotated Code, Article 27, Section 286, which is a felony in the State of Maryland, which carries a maximum penalty of 20 years in prison and/or a $25,000 for a first offense.
> Q. What was the date of sentence for that charge?
> A. Date of sentencing in this case was March 10th, 1987.
> Q. Okay. And that is a true copy of a court record?
> A. Yes, it is . . . .

■ The certified copy of the Maryland Court's commitment order was properly admissible into evidence at Trawick's hearing as a public record under Delaware Rule of Evidence 803(8). D.R.E. 803(8) provides a hearsay exception for "records, reports, statements, or data compilation in any form" of a public agency recording "activities or matters observed pursuant to duty imposed by law." A certified court record of a conviction is a record from a public agency. It is undisputed that sentencing a defendant is a duty imposed on the courts by law.

■ As a general rule, the proponent of admitting public records into evidence is not required to establish their admissibility through foundation testimony about the way in which the public records were either generated or maintained.[11] A public record can be admitted into evidence as proof of the facts to which it relates without foundation testimony because it will be self-authenticating, if it meets the requirements of D.R.E. 902(4). That rule authorizes the court to treat a certified copy of a

---

9. *United States v. Console*, 13 F.3d at 657 (citing *United States v. Furst*, 886 F.2d 558, 571 (3d Cir.1989) (citing F.R.E. 803(6))).

10. D.R.E. 803(6).

11. *See, e.g., United States v. Regner*, 677 F.2d 754, 763 (9th Cir.) *cert. denied*, 459 U.S. 911, 103 S.Ct. 220, 74 L.Ed.2d 175 (1982).

public record as properly authenticated by complying with paragraphs (1), (2) or (3) of that rule.

In Trawick's case, the copies of the Maryland Circuit Court commitment records were certified domestic public documents under seal, as described in D.R.E. 902(1). The custodian's signature with a statement that he or she has custody of the original, accompanied by a statement that the copy is correct, is sufficient to establish the accuracy of the copy as a substitute for the original.[12] The certified record of Trawick's conviction was properly authenticated under D.R.E. 902(1) and (4).[13] Therefore, the Maryland commitment records were admissible under D.R.E. 803(8), irrespective of any testimony on the subject from the Maryland Assistant State Attorney, Mr. Fili.

### Sufficient Evidence Presented

■■ Trawick's third argument on appeal is that the Superior Court lacked sufficient evidence to conclude that his 1987 Maryland conviction was a felony. It is well established that the Superior Court's determination that a defendant is an habitual criminal must be supported by substantial evidence in the record.[14] Additionally, this determination must be free from legal error and any abuse of discretion.[15]

At the December 6 hearing, the State presented a documentary exhibit through the testimony of Salvatore Fili. Mr. Fili testified that the proffered document was a "true test copy" of the commitment order in Trawick's 1987 Maryland case, which had been certified by the Circuit Court for Baltimore City. The certified copy of the commitment order that was admitted into evidence at the December 6, 2002 habitual offender hearing reflects that Trawick was sentenced on March 10, 1987 to fifteen months incarceration for the charge of "Poss w/I Dist Heroin."

We have previously held that "the State has the burden of proof in establishing that each predicate offense meets the requirements of Section 4214 and that the State must prove its case beyond a reasonable doubt."[16] Trawick relies upon our decision in *Morales v. State* in support of his contention that the State did not meet its burden of proof. In *Morales,* we held that a patent ambiguity in the record created a reasonable doubt.[17] In that case, the defendant had been charged with Possession with Intent to Deliver in 1977 and Trafficking 28 grams or more of cocaine in 1985. The State submitted certified copies of the two indictments in support of its habitual offender motion. The docket sheets, however, did not specify the crimes to which Morales had pleaded guilty. We noted that a defendant may plead guilty to a different offense than those listed in the indictment. Accordingly, we held that the State had failed to prove that Morales had been convicted of the offenses charged.

In Trawick's case, however, no ambiguity exists. The certified copy of the commitment order indicates that Trawick was sentenced pursuant to Article 27, Section 286 of the Maryland Code.[18] In *Cunning-*

---

12. *See Crossley v. Lieberman,* 868 F.2d 566, 568 (3d Cir.1989).

13. *Id.*

14. *Morales v. State,* 696 A.2d 390, 394 (Del. 1997).

15. *Hall v. State,* 788 A.2d 118, 129 (Del.2001).

16. *Id.* at 127 (citing *Morales v. State,* 696 A.2d at 395).

17. *Morales v. State,* 696 A.2d at 395.

18. This section of the Maryland Code was repealed in 2002, effective October 1, 2002 and replaced by a different statute. *See* Acts 2002, c. 26, § 1, eff. Oct. 1, 2002.

*ham v. State,*[19] the Maryland Court of Appeals recited the relevant statutory provisions of this section:

Section 286(a)(1) ... provides in pertinent part:

Except as authorized by this [Act], it is unlawful for any person ... to possess a controlled dangerous substance in sufficient quantity to reasonably indicate under all circumstances an intent to ... distribute ... a controlled dangerous substance ....

The basic penalty provision for this section, found in subsection (b), provide:

Any person who violates any of the provisions of subsection (a) with respect to: (1) A substance classified in Schedules I or II which is a narcotic drug *is guilty of felony* and is subject to imprisonment for not more than 20 years, or a fine of not more than $25,000, or both ....[20]

In 1987, heroin was classified as a Schedule I narcotic.[21]

The 1987 commitment order established that Trawick had been convicted of possession with intent to distribute heroin. This felony drug conviction, in addition to two other prior felony convictions, rendered Trawick eligible to be sentenced to life imprisonment as an habitual offender pursuant to Del.Code Ann. tit. 11, § 4214(b). The Superior Court's decision to sentence Trawick as an habitual offender was supported by substantial evidence, free from legal error, and a proper exercise of discretion.

### *Conclusion*

The judgment of the Superior Court is affirmed. It is further ordered that the time within which a motion for reargument may be timely filed under Supreme Court Rule 18 is shortened to five days from the date of this Opinion. This Order is due to the impending change in the composition of the Supreme Court, arising out of the retirement of the Chief Justice in April 2004.

19. *Cunningham v. State,* 318 Md. 182, 567 A.2d 126 (1989).

20. *Id.* at 128 (emphasis added).

21. *Id.* at 131.