CHARLES TRAWICK, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 414, 2009.
Supreme Court of Delaware.
Submitted: November 13, 2009.
Decided: December 17, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
Henry Dupont Ridgely, Justice.
This 17th day of December 2009, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The defendant-appellant, Charles Trawick, filed an appeal from the Superior Court's June 26, 2009 order adopting the report of the Superior Court Commissioner dated June 15, 2009, which recommended that Trawick's motion for postconviction relief pursuant to Superior Court Criminal Rule 61 be denied.[1] We find no merit to the appeal. Accordingly, we affirm.
(2) In September 2002, Trawick was found guilty by a Superior Court jury of Possession of a Deadly Weapon During the Commission of a Felony, Robbery in the First Degree, Aggravated Menacing, Possession of Destructive Weapons, two counts of Conspiracy in the Second Degree, Endangering the Welfare of a Child, and Possession of a Firearm During the Commission of a Felony. Trawick was sentenced to life imprisonment as a habitual offender, plus a term of years. His conviction was affirmed by this Court on direct appeal.[2]
(3) In this appeal from the Superior Court's denial of his motion for postconviction relief, Trawick advances a number of claims that may fairly be summarized as follows: a) the Superior Court's declaration of his habitual offender status was flawed because the motion was not signed by the Attorney General and the Superior Court improperly delayed his sentencing in order to hear the testimony of a Baltimore City prosecutor regarding one of the predicate crimes; b) his constitutional rights under the Double Jeopardy clause were violated when he was convicted of three separate weapon violations; and c) his counsel provided ineffective assistance by failing to confirm the status of his prior convictions, prepare an adequate defense at trial, and raise the appropriate arguments on appeal.
(4) Delaware law provides that the Superior Court first address the procedural requirements of Rule 61 before reviewing the merits of a postconviction motion.[3] In this case, the record reflects that Trawick's convictions became final in April 2004, when this Court issued the mandate after affirming his convictions on direct appeal.[4] Under the version of Rule 61(i)(1) then in effect, Trawick had three years in which to appeal his convictions.[5] Trawick's postconviction motion, which was filed in June 2009, is, thus, clearly time-barred.
(5) Moreover, because Trawick's claim regarding his habitual offender status was raised and adjudicated previously in his direct appeal, it is procedurally barred.[6] Likewise, because Trawick failed to raise his claim of a double jeopardy violation in his direct appeal, it is procedurally defaulted.[7] Finally, because Trawick has failed to demonstrate any valid factual or legal basis for his claim of ineffective assistance of counsel[8] or his argument that the Superior Court should have disregarded the procedural bars to his claims due to a violation of his rights or a miscarriage of justice,[9] we conclude that the judgment of the Superior Court must be affirmed.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Code Ann. tit. 10, §512(b); Super. Ct. Crim. R. 62.
[2] Trawick v. State, 845 A.2d 505 (Del. 2004).
[3] Younger v. State, 580 A.2d 552, 554 (Del. 1990).
[4] Super. Ct. Crim. R. 61(m)(2).
[5] The rule was amended effective July 1, 2005, reducing the time limitation from three years to one year.
[6] Super. Ct. Crim. R. 61(i)(4).
[7] Super. Ct. Crim. R. 61(i)(3).
[8] Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).
[9] Super. Ct. Crim. R. 61(i)(3), (4) and (5).