# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NATHANIEL RAIFORD,                      )
                                        )
   Defendant-Below/Appellant,           )
                                        )
          v.                          )        ID No. 2401002040
                                        )
STATE OF DELAWARE,                      )
                                        )
   Plaintiff-Below/Appellee             )

Submitted: January 14, 2025
Decided: March 13, 2025

*On Appeal from the Court of Common Pleas*:
**AFFIRMED in part and REVERSED and REMANDED in part**

## ORDER

Jason R. Antoine, Esquire, JASON R. ANTOINE ATTORNEY AT LAW, PLLC, 1702 Kirkwood Highway, Ste. 102, Wilmington, DE 19805, Attorney for Defendant-Below/Appellant Nathaniel Raiford.

Michael W. Slights, Esquire, STATE OF DELAWARE DEPARTMENT OF JUSTICE, 820 North French Street, 7th Floor, Wilmington, Delaware 19801, Attorney for Plaintiff-Below/Appellee State of Delaware.

**WHARTON, J.**

1

This 13th day of March 2025, upon consideration of Defendant-Below/Appellant Nathaniel Raiford's ("Raiford") Opening Brief and Appendix,[1] the Answering Brief and Appendix of Plaintiff-Below/Appellee, State of Delaware,[2] Raiford's Reply Brief,[3] and the record, it appears to the Court that:

1.      Raiford brings this appeal from his conviction after a bench trial in the Court of Common Pleas on the charges of Driving Under the Influence ("DUI") and a Federal Motor Carrier Safety Act violation adopted by 21 *Del. C.* § 2701.[4] He raises two issues on appeal. First, he challenges the admission into evidence of the Intoxilyzer certification sheets under the business records exception to the hearsay rule without a sufficient foundation.[5] Second, he contends there was insufficient evidence to find him guilty of the vehicle safety violation charge when the arresting officer failed to testify the vehicle Raiford was driving weighed more than 26,000 pounds.[6]

2.      Only one witness testified at trial – Cpl. Brian Ritchie of the Delaware State Police. Cpl. Ritchie was a 23-year veteran of the State Police who had been assigned to the Commercial Motor Vehicle Enforcement Unit for the past 12 years.[7]

---

[1] Raiford's Op. Br., D.I. 10.
[2] State's Ans. Br., D.I. 11 (incorrectly captioned as Appellee's Reply Brief).
[3] Raiford's Reply Br., D.I. 12.
[4] Raiford's Op. Br. at 1, D.I. 10.
[5] *Id.* at 2-3
[6] *Id.* at 3.
[7] Trial Tr. at 145:3-21. (July 25, 2024).

On January 5, 2024, Cpl. Ritchie was conducting routine speed enforcement on commercial vehicles ("CMV") in the area of I-295 and Landers Lane when, at 9:21 a.m., he pulled over a vehicle operated by Raiford for a speeding violation.[8] Cpl. Ritchie described the vehicle as a CMV "with a van-type trailer, 53-foot."[9] Raiford had a strong odor of alcohol on his breath and admitted to drinking the previous night.[10] Cpl. Ritchie initiated a DUI investigation which resulted in Raiford's arrest for DUI.[11] An Intoxilyzer test was administered at Troop 2.[12] The results showed a blood alcohol content of .099, above the legal limit of .08.[13]

3.     The case proceeded to trial on July 25, 2024. At trial, as a condition precedent to admiting the Intoxilyzer results, the State moved to admit the Intoxilyzer calibration sheets through Cpl. Ritchie.[14] Raiford objected to their admission on hearsay grounds.[15] Specifically, he argued that the State had failed to establish a sufficient foundation for their admission under the business records exception because Cpl. Ritchie was unable to testify that the author of the calibrations sheets – State Chemist Julie Willey – had the knowledge to make

---

[8] *Id.* at 8:10-16;11:4-7; 12:15-19.
[9] *Id.* at 10:10-16.
[10] *Id*. at 14:11-17.
[11] *Id.* at 55:6-19.
[12] *Id.*; 88:8-11.
[13] *Id.* at 88:12-16.
[14] *Id.* at 59:22-23; 60:1.
[15] *Id.* at 74:4-13.

accurate entries on the sheets.[16] Cpl. Ritchie was not familiar with State Chemist Willey's training or education.[17] The Trial Court overruled the objection and admitted the calibration sheets.[18]

4. On appeal, Raiford again challenges the admission of the Intoxilyzer calibration sheets. He argues they are hearsay and, based on Cpl. Ritchie's testimony, do not fall under DRE 803(6)'s business records exception to the hearsay rule.[19] He cites *Trawick v. State*[20] as establishing the foundational requirements to which a witness must attest in order to satisfy DRE 803(6): (1) the declarant in the records had knowledge to make accurate statements; (2) the declarant recorded statements contemporaneously with the actions which were the subject of the reports; (3) the declarant made the records in the ordinary course of business; and (4) the records were kept in the ordinary course of business.[21] According to Raiford, the State failed to meet the first prong because Cpl. Ritchie was unable to testify that the State Chemist had the knowledge to make accurate statements in the calibration

---

[16] *Id*. at 74:5-11.
[17] *Id*.
[18] *Id*. at 65:15-17; 74:16.
[19] Raiford's Op. Br. at 3, D.I. 10.
[20] 845 A.2d 505 (Del. 2004).
[21] Raiford's Op. Br. at 3, D.I. 10, citing *Trawick* at 508-09.

4

sheets.[22]  As a result, he contends, the Trial Court abused its discretion in admitting the calibration sheets.[23]

5. Raiford challenges his conviction on the Federal Motor Carrier Safety Act violation on sufficiency of the evidence grounds. Delaware's adoption of the federal law included a provision in 21 *Del. C.* 4702(b) exempting vehicles weighing 26,000 pounds or less from its requirements.[24]  Raiford contends that the record is devoid of any reference to his vehicle's weight.[25]

6. In its Answer, the State argues that *McConnell v. State,*[26] recognized the presumption that, in the absence of contrary evidence, those responsible for providing certain services to the public will perform those services in a proper, careful and prudent manner applies to the State Chemist.[27]  "In the absence of evidence to the contrary, there is a presumption that the State Chemist acted carefully and in a prudent manner."[28]  Since there is no evidence to suggest otherwise, the Trial Court was entitled to presume State Chemist Willey carried out her duties calibrating the Intoxilyzer in a careful and prudent manner. Furthermore, Cpl. Ritchie, who was trained on the Intoxilyzer in the police academy, has personally

---

[22] *Id.*
[23] *Id.* at 4.
[24] *Id.*
[25] *Id.*
[26] 1994 WL 43751 (Del. Feb. 3, 1994).
[27] State's Ans. Br. at 14, D.I. 11.
[28] *Id.* citing *McConnell* at *1.

observed State Chemist Willey calibrate an Intoxilyzer.[29]  Given the foregoing, in the State's view, the Trial Court's decision to admit the calibration sheets was legally sound and was within the bounds of reason under the circumstances and did not ignore the rules of evidence so as to produce an injustice.[30]

7.    As to the violation of the Federal Motor Carrier Safety Act, the State argues Raiford waived this argument by failing to move under Rule 29 for judgment of acquittal at trial.[31]  This waiver may be excused only if the Trial Court committed plain error.[32]  Even if Raiford properly preserved this argument, it fails because the Trial Court's decision to convict Raiford was based on a common sense inference based on the evidence presented at trial.[33]  That inference derives from Cpl. Ritchie's extensive experience with CMVs, his description of Raiford's vehicle as a 53 foot long commercial motor vehicle with a van-type trailer, and his body worn camera depicting the truck.[34]

8.    In reply, Raiford reiterates his contention that Cpl. Ritchie failed to provide any evidence that the State Chemist was a declarant with knowledge to make accurate statements on the calibration logs.[35]  He does not address the State's

---

[29] Trial Tr. at 58:15-16 (July 25, 2024).
[30] State's Ans. Br. at 17-18, D.I. 11.
[31] *Id.* at 18.
[32] *Id.*
[33] *Id.*
[34] *Id*
[35] Raiford's Reply Br. at 1-2, D.I. 12.

presumption argument. Regarding the Federal Motor Carrier Safety Act violation, Raiford disagrees with the State's argument that this Court should apply a plain error standard of review.[36] Instead, he argues for a sufficiency of the evidence standard.[37] Applying that standard, he finds no testimony in the record about the weight of his truck.[38]

9. The Superior Court is authorized to consider appeals from the Court of Common Pleas in criminal matters.[39] When reviewing decisions of the Court of Common Pleas, this Court sits as an intermediate appellate Court whose function on such appeals mirrors that of the Supreme Court of Delaware.[40] In considering an appeal from the Court of Common Pleas to the Superior Court, the Superior Court determines whether there is legal error and whether the factual findings made by the trial judge are sufficiently supported by the record.[41] This Court reviews such findings for an abuse of discretion; the lower court's factual findings will be upheld

---

[36] *Id.* at 2-3.
[37] *Id.* at 3.
[38] *Id.* at 3-4.
[39] 11 *Del. C.* § 5301(c).
[40] *See State v. Richards*, 1998 WL 732960, *1 (Del. Super. Ct. 1998); *DiSabatino v. State*, 808 A.2d 1216, 1220 (Del. Super. Ct. 2002). *See also Casey v. State*, 2000 WL 33179628, *2 (Del. Super. Ct. 2000) ("When reviewing an appeal from the Court of Common Pleas, this Court assumes the same appeal posture as that of the Supreme Court.").
[41] *Onkeo v. State*, 957 A.2d 2, at *1 (Table) (Del. 2008).

if such findings are not "clearly erroneous."[42] Moreover, this Court will accept the factual findings of the Court of Common Pleas if the findings are "sufficiently supported by the record and are the product of an orderly and logical deductive process."[43] If the factual findings of the Court of Common Pleas are so supported, such findings must be accepted by this Court, "even if, acting independently, it would have reached a contrary conclusion."[44] Decisions regarding the admissibility of evidence are reviewed for abuse of discretion.[45] Legal questions are reviewed *de novo.*[46]

---

[42] *See, e.g., Lopez-Vazquez v. State*, 956 A.2d 1280, 1285 (Del. 2008) ("To the extent the trial judge's decision is based on factual findings, we review for whether the trial judge abused his or her discretion in determining whether there was sufficient evidence to support the findings and whether those findings were clearly erroneous.").

[43] *Oneko*, at *1 (Del. 2008).

[44] *Id*.; *see also State v. Ministero*, 2006 WL 3844201, *5 (Del. Super. Ct. 2006) ("Regardless of whether this Court would have ruled in the same fashion, because the record supports the trial court's decision that the test performed by the trooper did not clearly comply with requirements of the NHTSA standards, the trial court's assessment of the weight to give the HGN test results based on the testing conditions must be accepted by this Court, as it was not clearly erroneous."); *Steelman v. State*, 2000 WL 972663, *1 (Del. Super. Ct. 2000) ("When addressing appeals from the Court of Common Pleas. . .the [Superior Court's] role is to 'correct errors of law and to review the factual findings of the court below to determine if they are sufficiently supported by the record and are the product of an orderly and logical deductive process.'"); *State v. Karg*, 2001 WL 660014, *1 (Del. Super. Ct. 2001) ("When the factual findings of the court below are sufficiently supported by the record and are the product of an orderly and logical deductive process, they must be accepted notwithstanding the fact that the Superior Court may have reached opposite conclusions.").

[45] *Adams v. State,* 124 A.3d 38 (Del. 2015).

[46] *DiSabatino v. State*, 808 A.2d 1216, 1220 (Del. Super. 2002).

10. The Court first addresses the admissibility of the Intoxilyzer calibration sheets as a business records exception to the hearsay rule. The only issue is whether the State satisfied the requirement that State Chemist Willey had the knowledge to make accurate statements on the calibration sheets. But, what knowledge did she need in order to make accurate statements on the sheets?[47] The answer is not much. The Court makes that determination by looking at the calibration sheets. The only statements State Chemist Willey made were when she recorded the readings the Intoxilyzer produced when it analyzed two known samples prepared to simulate breath alcohol readings. In other words, the only knowledge she needed was the results for the known simulated samples. Those results were recorded on printouts showing the readings for air blanks and calibration checks. Her qualifications, formal education, training or knowledge had nothing to do with her ability to accurately write down numbers produced by the Intoxilyzer on the calibration sheets. All she had to do was accurately transcribe those results.[48] The first prong under DRE 803(6) requires nothing more. Accordingly, the Trial Court did not abuse its discretion in admitting the calibration sheets. Raiford's conviction of DUI is **AFFIRMED.**

---

[47] Neither party confronts this essential question.
[48] App'x. to Raiford's Op. Br., Ex B, D.I. 10.

11.    The parties disagree as to the proper standard of review this Court should apply in considering Raiford's Federal Motor Carrier Safety Act conviction. The State argues for a plain error review because Raiford did not move for judgment of acquittal in the Court of Common Pleas. Raiford urges the Court to review the conviction under a sufficiency of the evidence standard. Raiford is correct. In *Williamson v. State,*[49] the Delaware Supreme Court held:

> Although the better practice for the defense is to move for a judgment of acquittal in a bench trial in order to preserve a challenge to the sufficiency of the evidence, we hold, consistent with the majority of federal appellate courts that have addressed this issue, that where the defendant has entered a plea of "not guilty" but fails to formally move for a judgment of acquittal in a bench trial, the issue of the sufficiency of the evidence will be reviewed the same as if there had been a formal motion for judgment of acquittal.[50]

Thus, the Court will review the claim here to determine "whether *any* rational trier of fact, viewing the evidence in the light most favorable to the State, could find [a] defendant guilty beyond a reasonable doubt."[51]

12.    The statute under which Raiford was prosecuted is 21 *Del. C.* § 4702. It includes the following provision in relevant part:

> (b) Notwithstanding the adoption of the laws and regulations as indicated in subsection (a) of this section, no requirements under this chapter shall apply to any

---

[49] 113 A.3d 155 (Del. 2015)
[50] *Id.* at 158.
[51] *Monroe v. State,* 652 A.2d 560, 563 (Del. 1995).

10

> single vehicle in combination operated in interstate commerce with a gross vehicle weight rating or gross vehicle weight of 26,000 pounds or less…[52]

The State concedes that Cpl. Ritchie did not provide any direct testimony about the weight of Raiford's vehicle. At trial, the State did not address the weight issue in is opening summation[53] or rebuttal summation.[54] Raiford was silent on it as well.[55] The Trial Court provided no insight into its thinking, simply finding Raiford guilty of the charge.[56] Instead of direct testimony, the State argues that a common sense inference based on Cpl. Ritchie's extensive experience with CMVs, his description of Raiford's vehicle as a 53 foot long commercial motor vehicle, and his body worn camera depicting the truck is sufficient to sustain the conviction.

13.    It is apparent to the Court that nobody gave the weight issue any thought, as other issues dominated the trial. Even when discussing § 4702, the parties were focused more on the potential penalty for a violation than the elements of the statute itself.[57] Nonetheless, the Court finds that when the issue of whether Raiford's vehicle was a CMV weighing in excess of 26,000 pounds is squarely addressed, no rational trier of fact could find that it met the statutory definition beyond a reasonable

---

[52] 21 *Del. C.* § 4702(b).
[53] Trial Tr. at 141:7-23.
[54] *Id.* at 143:14-23.
[55] *Id.* at 142:5-143:3.
[56] *Id*. at 145:8-12 (July 25, 2025).
[57] *Id*. at 142:5-145:2.

11

doubt, even viewing the evidence in the light most favorable to the State. The inference upon which the State relies cannot sustain the weight it is asked to bear by the State. A casual reference to Raiford's truck as a CMV coupled with a video of it without any reference to its weight cannot establish the weight element of the violation beyond a reasonable doubt. Raiford's conviction on that charge is **REVERSED**.

14. Because this Court reverses Raiford's conviction of the § 4702 charge on insufficiency of the evidence grounds, the double jeopardy provisions of the United States Constitution and the Delaware Constitution preclude retrying him on that charge.[58]

**THEREFORE,** the judgment of conviction of the Court of Common Pleas on the charge of Driving Under the Influence is **AFFIRMED.** The judgment of conviction on the charge of violating the Federal Motor Carrier Safety Act, adopted by 21 *Del. C.* § 4702, is **REVERSED and REMANDED** to the Court of Common Pleas for **ENTRY OF A JUDGMENT OF ACQUITTAL** in favor of Raiford on that charge.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[58] *Monroe,* 642 A.2d at 567-68.

12